IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-01284-PSF-PAC

DANIEL LUCIANO,

    Plaintiff,

v.

JESUS PEREZ;
JAIME BOTELLO;
MARGUERITA CRUZ; and
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
an Illinois Domestic Mutual Insurance Company,

    Defendants.

---

**ORDER ON MOTION TO DISMISS**

---

This matter is before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to (1) Dismiss Complaint Pursuant to "FRCVP" 8(a) and (e), (2) to Dismiss Fourth and Fifth Claim For Relief Pursuant to "FRCVP" 12(b)(6); and (3) to Dismiss Claim for Punitive Damages (Dkt. # 7), filed on August 23, 2006. Plaintiff Daniel Luciano filed his Response on September 25, 2006 (Dkt. # 13), and State Farm replied on October 10, 2006 (Dkt. # 23). The motion is fully briefed and ripe for disposition.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On July 3, 2006, plaintiff filed this action arising out of an automobile accident that occurred on July 2, 2003, in which Defendant Jesus Perez allegedly collided with plaintiff's stationary vehicle, causing property damage and injury to plaintiff and another

person. Compl. (Dkt. # 1), ¶ 8. Plaintiff brings five "Claims for Relief": (1) a negligence claim against Defendant Perez, the driver of the vehicle; (2) a negligent entrustment claim against Defendants Jaime Botello and Margarita Cruz, the owners of the vehicle; (3) a claim against Defendant State Farm for various unpaid insurance benefits; (4) a bad faith breach of insurance contract claim against State Farm; and (5) a claim against State Farm for unfair claim settlement practices and deceptive trade practices.

Defendants Perez, Botello, and Cruz have filed an Answer (Dkt. # 22). State Farm filed the instant motion contending that the Complaint should be dismissed pursuant to F.R.Civ.P. 8 for failure to provide a "short and plain statement" showing grounds for relief. Def.'s Mot. at 3. State Farm also challenges plaintiff's fourth and fifth claims for relief under F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. *Id.* at 3-4.

## II.    MOTION TO DISMISS UNDER RULE 8

### A.    Standard of Review

The Federal Rules of Civil Procedure have long featured liberal notice pleading. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 8, for example, states that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach averment of a pleading shall be simple, concise, and direct." F.R.Civ.P. 8(a), (e)(1). Rule 8 reflects "the twin purposes of a complaint," which are "to give the opposing party fair notice of the basis for the claims against it, and to allow a court to conclude whether, if the allegations were proven, the

plaintiff would be entitled to relief." *Debardeleben v. Pugh*, 85 Fed. Appx. 142, 145 (10th Cir. 2004) (citing *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989)).

As the Supreme Court has summarized, "[t]he liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). However, Rule 8 does not test the *merits* of a complaint, but only the *adequacy* of the complaint's form. *See id.* at 515 (noting that rule 8 "establishes a pleading standard without regard to whether a claim will succeed on the merits"). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

While the standards of Rule 8 are widely acknowledged to be liberal, complaints can and at times do fail to comply with the rule. For example, courts have held that complaints violate Rule 8 when they are unreasonably long, rambling, and otherwise filled with irrelevant material. *Mitchell v. City of Colo. Springs, Colo.*, 194 Fed. Appx. 497, 498 (10th Cir. 2006) (affirming order dismissing complaint for being "verbose, prolix and virtually impossible to understand" and a "rambling, massive collection of facts . . . completely lacking in clarity and intelligibility"); *see also Ausherman v. Stump*, 643 F.2d 715, 716 (10th Cir. 1981) (holding that a "prolix" complaint that was a "rambling narration of the discord that developed between [the parties]" violated Rule 8(a)). A complaint that is "nothing more than an ambiguous, rambling narrative of charges and conclusions against numerous persons, organizations and agencies,

which . . . fails to give the dates and places of the alleged events of which plaintiff complains," violates Rule 8. *Betts v. Allied Cementing Co.*, No. 89-2236-S, 1989 WL 118509, at *1 (D. Kan. Sept. 19, 1989) (citing *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977)).

A complaint is also "susceptible to being dismissed" under Rule 8 when it is "'so verbose, confused and redundant that its true substance, if any, is well disguised.'" *Franke v. Midwestern Okla. Dev. Auth.*, 428 F. Supp. 719, 721 (W.D. Okla. 1976), *rev'd on other grounds sub nom.*, *Cronin v. Midwestern Okla. Dev. Auth.*, 619 F.2d 856 (1980) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)). A complaint should have sufficient clarity to "avoid requiring a district court or opposing party to forever sift through its pages in search of" what the plaintiff is asserting. *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir.1990).

Finally, as indicated above, violations of Rule 8 can result in dismissal of the complaint. On an initial violation, courts often allow the plaintiff an opportunity to replead. *E.g.*, *Sheets v. CTS Wireless Components, Inc.*, 213 F. Supp. 2d 1279, 1283 (D.N.M. 2002). Dismissal with prejudice may be warranted if the amended complaint continues to violate Rule 8. *Mitchell*, 194 Fed. Appx. at 498; *Nagel v. ADM Investor Servs., Inc.*, 995 F. Supp. 837, 845 (N.D. Ill. 1998).

**B.     Analysis**

State Farm seeks dismissal of plaintiff's Complaint for failure to comply with Rule 8. In short, the Court agrees with State Farm and holds that the Complaint fails to state

the grounds for relief in a "short and plain statement" as required by Rule 8(a), and fails to set forth allegations that are "simple, concise, and direct" under Rule 8(e)(1).

Immediately apparent upon review of plaintiff's Complaint is the sheer length of the sentences therein. One not unusual example is a sentence that spans two pages and weighs in at 291 words.[1] Notably, this sentence is not an anomaly. The document is replete with such rhetoric, bundled up in astoundingly long sentences. In addition to the previously mentioned sentence, several single-sentence paragraphs span more than a page, and many other sentences are also excessively long and are written in such a way that the opposing party and the court simply cannot understand what is being communicated. Even in some of the shorter sentences, the language used throughout the Complaint prohibits the reader from following the train of thought therein or otherwise understanding the allegations. The Court will highlight only a few of the problems which, when taken together, contribute to the Complaint's overall deficiency.

---

[1] Compl., ¶ 26 ("Upon information and belief, in order to further unfairly coerce or compel its 'member' insureds to accept its manifestly inadequate UM or UIM settlement offers, the Defendant insurer continues to engage in a longstanding and widespread policy, pattern, practice, or custom of steadfastly relying upon such extremely low and patently unreasonable 'take it or leave it' offers which, if not accepted, result in it regularly and routinely paying thousands, if not tens of thousands of dollars more than the amounts thereof, to one or more of the handful of members of a carefully chosen small stable of the following types of highly reliable professionals who thereby are, or who thereby become, financially dependent upon it on an ongoing basis to such an extent or degree that they routinely or regularly forsake their professional and ethical obligations and responsibilities in the course of doing its nefarious, but altogether lucrative, bidding: (a) specially 'trained' attorneys who 'defend' such cases strictly pursuant to, and in accordance with, its egregious directions, instructions, dictates, practices, policies, and procedures, as same have been reflected or established, *inter alia*, in one or more of its manuals or handbooks for the 'Defense of First Party Claims,' and by other materials, directions, and instructions, including those applicable to the defense of so-called 'minor Impact, Soft Tissue' (MIST) claims; and (b) the most notorious and disreputable 'insurance' or 'IME' worker's comp doctors who are nonetheless falsely represented by it and those attorneys to be 'independent' and reputable medical professionals, for the purpose of rendering certain usual and customary, highly biased, and fundamentally predictable, pre-determined, or 'bogus' opinions in order to thereby falsely and unfairly minimize its insureds' injuries and treatment needs, and to accordingly improperly defeat or deny such just claims for compensation.").

The most noticeable problem with the Complaint, aside from sentence length, is the use of redundant language throughout. *E.g.*, Compl., ¶ 10 (". . . to the extent, degree, amount, and/or severity consistent with the nature, substance, type, kind, and duration set forth, evidenced, shown, established, demonstrated, reflected, asserted, indicated, or illustrated in . . ."); *id.*, ¶ 17 (". . . to prudently, independently, and lawfully operate it under foreseeable, anticipated, expected, potential, perceived, recognized, apparent, or existing driving, traffic, and highway conditions . . ."); *id.*, ¶ 26 (". . . its egregious directions, instructions, dictates, practices, policies, and procedures . . ."). As indicated, the Complaint strings together synonymous words for almost every aspect of many sentences. Indeed, much of the Complaint reads like a thesaurus, and the tireless use of parallel construction and redundant language renders many of the sentences incomprehensible.

One notable example of the writing style utilized in the Complaint, in addition to the paragraph quoted in footnote 1, *supra*, is the very first paragraph, which sets forth plaintiff's Statement of the Case:

> In this action arising out of a motor vehicle accident which appears to be subject to the since repealed or "sunsetted" Colorado "No-Fault" Act ("Act"), C.R.S. §§ 10-4-701, et. seq. (2003), Plaintiff seeks an award of compensatory damages against the "underinsured" individual Defendant tortfeasors, and the payment by his automobile insurer of certain claims for underinsured ("UIM") bodily injury ("BI") (cumulatively or collectively referred to as "UIM BI"), and for a variety and number of uniformly unpaid and likewise rejected Personal Injury Protection ("PIP") income loss, medical or health care, and rehabilitative benefits, pursuant to that Act, and the conforming terms of that auto insurance policy in regard thereto. Plaintiff also brings certain "class based" "bad faith breach" and State Deceptive and Unfair Trade Practices Act, and exemplary damages claims against his insurer for compensatory and statutorily trebled or

> enhanced damages, together with claims for statutory attorney's fees and costs, as a result of its substantially unjustified and intransigent blanket or wholesale failure and refusal to fairly, reasonably, and in good faith acknowledge, accept, and attempt to discharge, satisfy, or otherwise comply with, or adhere to, virtually all of its fiduciary or quasi-fiduciary, relational, contractual, and statutory PIP and UIM BI claims adjusting, processing, handling, recognition, determination, settlement or resolution, and payment duties, obligations, and responsibilities, in accordance with its longstanding, uniform, persistent, single-minded, and like or similar pandemic or companywide policy, pattern, practice, or course of like or similar claims fraud deception, and abuse in regard thereto.

Compl., ¶ 1. This paragraph, which mercifully is at least broken up into two sentences, sets the tone for a Complaint filled with paragraphs containing similarly excessive language, which cannot be construed as constituting "a short and plain statement" of grounds for relief.

The Court also "recognizes the difficult burden defendants face in attempting to draft an Answer in which the allegations of the Complaint are either admitted or denied, in light of the failure of plaintiff to limit each paragraph to a statement of a single set of facts." *Choate v. United States*, 413 F. Supp. 475, 478 (N.D. Okla. 1976). Moreover, the Complaint places both the Court and defendant in the untenable position of searching for a needle in a haystack to locate any substantive points hidden in the Complaint. Just as pleading should not be a game of skill, responding to pleadings should not be a game of groping in the dark for the cause of action and alleged misconduct.

The Complaint in this case features many hyperbolic allegations against State Farm that seem to bear no relation to the underlying cause of action they purportedly support. For example, under the fourth claim for relief, which appears to be a claim for

bad faith breach of insurance contract, plaintiff alleges that "the Defendant insurer spends, and has spent for years, vast sums to deceptively and falsely—if not fraudulently—convince their 'member' policyholders, government officials, judges, jurors, and the unsuspecting public that there exists, and has existed, a lawsuit crisis." Compl., ¶ 23.  The claim also features allegations of "brainwashing" jury pools, *id.,* ¶ 24, that State Farm "falsely" portrays itself as a "Good Neighbor," *id.,* ¶ 25, and that State Farm has regularly employed a certain "disreputable accident reconstructionist." *Id.*, ¶ 28.  Such allegations are unrelated to a claim for bad faith breach of insurance contract.

Essentially, the "Complaint filed herein puts an unjustifiable burden upon the Court and the defendants to determine whether somewhere, 'tucked' betwixt plaintiff's arguments, conclusions and general dissertations, facts sufficient to support a cause of action have been stated."  *Choate*, 413 F. Supp. at 478.  Accordingly, the Court finds that the Complaint fails to comply with Rule 8(a) and (e).  Plaintiff will be permitted to file an amended complaint by no later than Monday, June 4, 2007.  Such an amended complaint must contain, in accordance with Rule 8, "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations that are "simple, concise, and direct."  F.R.Civ.P. 8(a), (e)(1).  To comply with this rule, the Court suggests that, when drafting the amended complaint, plaintiff's counsel at a minimum (1) include sentences of a manageable length, (2) greatly limit the use of redundant language, and (3) ensure that the factual allegations are related to the elements of the underlying causes of action.  Plaintiff is warned that should an amended complaint, if

timely filed, fail to comply with Rule 8 or this Court's Order, it will be dismissed with prejudice.

### III. MOTION TO DISMISS CLAIM FOR PUNITIVE DAMAGES

In light of the Court's ruling, State Farm's motion to dismiss plaintiff's claim for punitive damages, which the Court will construe as a motion to strike under F.R.Civ.P. 12(f), is denied as moot. However, the Court notes that the Colorado statute generally governing exemplary damages provides:

> A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue. After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate.

C.R.S. § 13-21-102(1.5)(a). Thus, a claim for exemplary damages under this statute is inappropriate for inclusion in a complaint. Should plaintiff's amended complaint request exemplary damages under C.R.S. § 13-21-102, such request will be subject to a motion to strike by defendant.

### IV. MOTION TO DISMISS UNDER RULE 12(b)(6)

In light of the Court's ruling on plaintiff's Complaint under Rule 8, the Court need not address defendant's motion to dismiss under Rule 12(b)(6). However, in the interest of judicial economy, the Court will address this motion with respect to one of plaintiff's claims because, notwithstanding the unintelligible nature of the Complaint, it is clear that any claim plaintiff attempts to bring under the Colorado Unfair Competition-

Deceptive Practices Act ("UCDPA" or the "Act") is not a viable claim and must be dismissed with prejudice.

### A.   Standard of Review

Courts will dismiss a claim for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). The purpose of a Rule 12(b)(6) motion is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). For purposes of a Rule 12(b)(6) motion, the court must accept all factual allegations in the complaint as true and resolve all reasonable inferences in plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126 (10th Cir. 1998).

### B.   Analysis

In his fifth claim for relief, plaintiff appears in part to have asserted a claim under the UCDPA, codified at C.R.S. §§ 10-3-1101 *et seq.* The Complaint states: "Upon information and belief, such . . . practices . . . constitute . . . unfair claim settlement practices prohibited by C.R.S. § 10-3-1104 . . . ." Compl., ¶ 37. However, plaintiff states in his response to State Farm's motion to dismiss that "the Complaint on file herein does not assert a separate claim for violation of C.R.S. § 10-3-1104." Pl.'s Resp. at 12. To the extent such a claim is asserted, it is dismissed with prejudice.

The UCDPA states that "[n]othing in this part 11 [C.R.S. §§ 10-3-1101 to 10-3-1114] shall be construed to create a private cause of action based on alleged violations of this part 11 or to abrogate any common law contract or tort cause of action." C.R.S. § 10-3-1114. Thus, the UCDPA may not serve as the basis for a cause of action asserted by private citizens allegedly aggrieved by the conduct of their insurers, although plaintiffs may still pursue any common law remedies recognized by the courts for the same conduct that is prohibited by the Act. *Farmers Group, Inc. v. Williams*, 805 P.2d 419, 425 (Colo. 1991). Because plaintiff has no private right of action under the UCDPA, plaintiff cannot state a claim for relief for violations of the Act as a matter of law, and plaintiff's UCDPA claim, to the extent one is asserted in the Complaint, is dismissed under F.R.Civ.P. 12(b)(6).

## V.    CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. Defendant State Farm's Motion to (1) Dismiss Complaint Pursuant to "FRCVP" 8(a) and (e), (2) to Dismiss Fourth and Fifth Claim for Relief Pursuant to "FRCVP" 12(b)(6), and (3) to Dismiss Claim for Punitive Damages (Dkt. # 7) is GRANTED IN PART and DENIED IN PART;

2. Plaintiff's claim under the UCDPA, C.R.S. § 10-3-1101, *et seq.*, is DISMISSED WITH PREJUDICE under F.R.Civ.P. 12(b)(6);

3. Defendant State Farm's motion to dismiss plaintiff's claim for punitive damages, construed as a motion to strike, is DENIED AS MOOT; and

4. Plaintiff's Complaint fails to comply with F.R.Civ.P. 8. Accordingly, plaintiff shall file, no later than Monday, June 4, 2007, an amended complaint that complies with this Order and F.R.Civ.P. 8. It is FURTHER ORDERED that, if plaintiff fails within the time allowed to file an amended complaint that complies with this Order and F.R.Civ.P. 8 to the Court's

satisfaction, the amended complaint and the action will be dismissed with prejudice.

DATED:  May 3, 2007

BY THE COURT:

_____
Phillip S. Figa
United States District Judge

12