IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-01284-WDM-PAC

DANIEL LUCIANO,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
an Illinois Domestic Mutual Insurance Company,

    Defendant.

---

**ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

This matter is before me on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Partial Summary Judgment [Doc. # 52], filed on December 4, 2007 with a supporting brief ("Def.'s Brief"). Plaintiff Daniel Luciano filed a response ("Pl.'s Resp.") on January 21, 2008 [Doc. # 56], and State Farm replied on February 5, 2008 [Doc. # 58]. I find that oral argument will not materially aid the disposition of the motion. For the reasons set forth below, the motion is granted.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

At all times relevant to this lawsuit, plaintiff was a resident of the State of Nebraska and was a named insured under a State Farm automobile insurance policy, Policy Number 12 1130-E01-27A (the "Policy"), issued in the State of Nebraska. (Am. Compl. [Doc. # 37] ¶ 3; Policy, Ex. A to Def.'s Brief.) The Policy included Underinsured Motorist ("UIM") Coverage of $50,000 per person, $100,000 per occurrence. (*See* Ex. A.) The Policy did not provide Personal Injury Protection ("PIP") coverage. (*Id.*)

In June 2003, plaintiff drove his vehicle to Colorado for an extended visit. (Plaintiff's Affidavit, Ex. 20 to Pl.'s Resp., ¶ 1.) On July 2, 2003, while still in Colorado, plaintiff was in his car and was involved in an automobile accident with Jesus Perez, who was driving another vehicle. (*See id.* ¶ 2.) Plaintiff then filed this action against State Farm, Perez, and the owners of the vehicle Perez was driving when the accident occurred. Plaintiff has settled with Perez for $18,500, and all individual defendants have been dismissed. The only remaining claims are against State Farm for payment of PIP and UIM benefits.

State Farm now moves for partial summary judgment, arguing that plaintiff's claim for PIP benefits should be dismissed and that the maximum amount of UIM benefits potentially available to plaintiff under the Policy is $31,500. Plaintiff disputes State Farm's motion only with respect to the availability of PIP benefits.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). When applying this standard, the Court reviews the pleadings and the documentary evidence in the light most favorable to the nonmoving party. *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988).

## III.   ANALYSIS

In diversity cases, the laws of the forum state govern the analysis of the underlying claims, while federal law governs whether summary judgment is appropriate.

*Hill v. Allstate Ins. Co.*, 479 F.3d 735, 739 (10th Cir. 2007). Thus, Colorado law applies to plaintiff's substantive claims for PIP and UIM benefits.

A. **Claim for PIP Benefits**

Plaintiff bases his claim for PIP benefits on the Colorado Auto Accident Reparations Act (the "Act" or "No-Fault Act"), C.R.S. §§ 10-4-701 *et seq.* (repealed July 1, 2003), which required automobile insurance policies "to include certain minimum or basic personal injury protection ('PIP') benefits to compensate injured persons for medical expenses and lost wages resulting from an automobile accident." *Reid v. Geico Gen. Ins. Co.*, 499 F.3d 1163, 1165 (10th Cir. 2007). The Act was "incorporated into every automobile insurance contract, and its terms govern[ed] in any conflict with the terms of the insurance policy." *Thompson v. Budget Rent-A-Car Sys., Inc.*, 940 P.2d 987, 989 (Colo. App. 1996) (citing *Allstate Ins. Co. v. Allen*, 797 P.2d 46 (Colo. 1990)). As is relevant here, the Act entitled a nonresident with an out-of-state insurance policy to PIP benefits if the individual was involved in an accident while driving his or her vehicle in Colorado. *See* C.R.S. § 10-4-711(4)(a); *State Farm Mut. Auto. Ins. Co. v. Ketcham*, 849 P.2d 871, 872 (Colo. App. 1992).

As noted above, it is undisputed that plaintiff's out-of-state insurance policy did not contain an express provision for PIP benefits; that the No-Fault Act, which statutorily entitled insureds involved in auto accidents in Colorado to such benefits regardless of whether they were expressly included in the insured's policy, was repealed on July 1, 2003; and that plaintiff's accident occurred on July 2, 2003, the day after the Act was repealed. Thus, the Act did not apply on the date plaintiff's claim for benefits accrued. *See* C.R.S. § 13-80-108 ("[A] cause of action for injury to person . . . shall be considered

3

to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence.").

Plaintiff argues that he is nevertheless entitled to recover PIP benefits because, notwithstanding the repeal of the statute, insurance policies with PIP provisions issued or renewed prior to July 1, 2003 "continue[d] to incur PIP claims [after that date] until such benefits" no longer applied. 3 Colo. Code Regs. 702-5, § 5-2-3 (Colo. Dep't of Regulatory Agencies, Division of Insurance) (amended 2007). Plaintiff's logic appears to proceed as follows: (1) his Nebraska Policy, without contractual PIP benefits, was issued before July 1, 2003; (2) when he came to Colorado in June 2003, his policy was deemed to include PIP benefits by virtue of the No-Fault Act; and (3) those deemed or incorporated PIP benefits continued even though the No-Fault Act was repealed.

I disagree. The repeal of the No-Fault Act did not affect the terms of existing policies with express PIP coverage because they constituted contracts between insurers and insureds. *See* 3 Colo. Code Regs. 702-5, § 5-2-3 (stating that the Division of Insurance based its interpretation of the effect of the Act's repeal partly on the "constitutional prohibition against impairment of existing contracts"). Thus, had plaintiff's insurance policy contained a contractually agreed-upon PIP provision, as opposed to a statutorily imposed one, his entitlement to such benefits would not be affected by the repeal of the No-Fault Act because the repeal did not change the express terms of his policy. However, it is undisputed that plaintiff's policy contained no such contractual provision, and his entitlement to PIP benefits before July 1, 2003 was based solely on the application of the No-Fault Act. Once that Act was repealed, nothing existed to impose or incorporate PIP benefits into the Nebraska Policy, and

4

plaintiff lost his entitlement to such benefits with respect to claims accruing after the date of the repeal. Accordingly, plaintiff's claim for PIP benefits fails as a matter of law, and State Farm is entitled to summary judgment on this claim.

### B. Claim for UIM Benefits

Defendant asserts that the Policy provides for a limit of $50,000 on UIM benefits and that, because plaintiff has received $18,500 in settlement from Perez's liability insurer, the maximum amount of UIM benefits available to plaintiff as a matter of law is $31,500. Plaintiff expressly concedes that defendant is correct on this issue. (Pl.'s Resp. at 1.) Accordingly, I hold that as a matter of law plaintiff may recover no more than $31,500 in UIM benefits in this case from State Farm under the Policy.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment [Doc. # 52] is GRANTED. Plaintiff's claim for PIP benefits is DISMISSED with prejudice, and plaintiff's sole remaining claim against State Farm is for recovery of UIM benefits. Such recovery, if any, is limited to a maximum amount of $31,500.

DATED at Denver, Colorado, on April 29, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge